# Western Union Telegraph Company, Plff. in Err., *v.* City of Philadelphia.

---

# Mutual Union Telegraph Company, Plff. in Err., *v.* Mutual Union Telegraph Company.

A city, having by its charter the power of police regulation, imposed

Cited in McKeesport v. McKeesport & R. Pass. R. Co. 2 Pa. Super. Ct. 242, 244; Lancaster v. Edison Electric Illuminating Co. 8 Pa. Co. Ct. 178,. 181, and in Monongahela v. Monongahela Electric Light Co. 12 Pa. Co. Ct.. 529, 534.

NOTE.—For the power to impose license fees upon telephone and tele-

by an ordinance a charge of $1 per annum upon all poles erected by telegraph companies within the city limits, and also a charge of $2.50 per annum per mile of suspended wire within the city limits.  *Held,* that this was a proper exercise of police power and that the charges were not so excessive as to authorize a revision of the action of the city councils.

(Argued January 5, 1888.   Decided January 23, 1888.)

January Term, 1887, Nos. 298, 299, E. D., before GORDON, Ch., J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas No. 2 of Philadelphia County to review a judgment for plaintiff in an action by the city of Philadelphia to recover certain charges imposed by an ordinance for the erection of telegraph poles within the city limits and maintaining wires thereon.    Affirmed.

The facts of the case were as follows:

By an ordinance of the city approved January 6, 1881, all telegraph companies are required to pay a charge of $1 per pole per annum, on all poles erected by them within the city.

And by an ordinance approved March 30, 1883, said companies are also required to pay a charge of $2.50 per annum per mile of suspended wire owned by them and erected within said limits.

The defendant companies claiming these charges to be illegal, and such as the city had no power to impose, refused to pay the same as sought to be imposed for the year 1883, and the city brought this suit to compel their payment.

By agreement the case was referred to George Tucker Bispham, Esq., as referee, under the act of 1836.

The referee first reported:

First. That the charge sought to be recovered by the city could not be maintained as a tax, because it is not within the power of taxation which has been delegated to the city by the state; and second, that the charges are unreasonable as license fees, and operate in substance as a tax, and that the ordinances were therefore void.

Upon exceptions filed thereto by the city, the court below,

graph poles and wires, see New Hope v. Postal Teleg. Cable Co. 202 Pa. 532, 52 Atl. 127, and the full collection of Pennsylvania authorities there appearing.   This case was subsequently heard in the Supreme Court of the United States.   See 187 U. S. 419, 23 Sup. Ct. Rep. 204, 47 L. ed. 240, and note to the latter.

As to limit of amount of license fees, see editorial note to State *ex rel.* Sam Toi v. French, 30 L. R. A. 415.

after argument, dismissed the exceptions and confirmed the report of the referee, and the city then took a writ of error to this court. Before any argument was had, however, the writ of error was discontinued, and the record taken back to the lower court, which then reopened the case, and sent the matter back to the referee to report on three questions specified by it, *viz.,* (1) whether the city has authority to allow or prohibit telegraph poles or wires through the streets of the city; (2) whether it can exact a fee or payment as a condition for their erection or continuance; and (3), whether the ordinances now in controversy are a valid exercise of such authority, if it exists.

Upon these questions the referee reported: (1) That the city has no authority of allowance or prohibition; and (2, 3) that the payment sought to be exacted was an unreasonable one as a license fee, and judgment should be entered in favor of the defendants.

To this report the city filed, *inter alia,* the following exceptions:

5. Because the referee has found that the ordinances could not be justified under the taxing power.

6. Because the referee has found the license fees named in the ordinances are unreasonable.

The court, HARE, P. J., sustained the fifth and sixth exceptions, and referred back the case to the referee. Under this order the referee considered that he had no further discretion and that his duty was limited to the mere assessment of damages. Accordingly he filed his report in favor of the city and against the two companies for the sums of $2,405.33 and $1,494.10 respectively.

The court subsequently entered judgment on this finding; whereupon, the telegraph companies took these writs, specifying for error: (1) The refusal to confirm the second report of the referee; (2, 3) in ruling that the ordinances were valid; and (5, 6), in entering judgment for the plaintiff, and not for defendants.

*Silas W. Pettit, John R. Read,* and *Willard Brown,* for plaintiffs in error.—That a charge imposed by a municipal corporation as a license fee under its power of police regulation must be limited to such reasonable amount as will fairly reimburse the municipality for the expenses of such regulation; that such

charge cannot be sustained as a regulation in itself, but merely as an incident to it; that it must be reasonable and that it must under no circumstances amount to a measure of revenue, or be the equivalent of a tax—is well settled by all the authorities. Cooley, Const. Lim. § 201; Cooley, Taxn. § 408; Dill. Mun. Corp. § 768.

A municipality is not responsible for its licensees—they are not its agents, nor are they responsible for them on the rule of *respondeat superior.* Dill. Mun. Corp. § 953; Fowle v. Alexandria, 3 Pet. 398, 7 L. ed. 719.

As already shown the authority to erect and maintain telegraph poles and wires is conferred by the state, and the only power or duty of the city is to regulate them under its police power. In such regulation it exercises its public power—a branch of the sovereignty delegated to it; and for such exercise it cannot be held liable. Elliott v. Philadelphia, 75 Pa. 347, 15 Am. Rep. 591; Freeman v. Philadelphia, 7 W. N. C. 45; Alcorn v. Philadelphia, 44 Pa. 348; Stull's Appeal, 11 W. N. C. 350.

The municipality is not liable for the negligence of one who lawfully, by its permission, but for his own benefit, obstructs the highway. Erie v. Caulkins, 85 Pa. 247, 27 Am. Rep. 642; Painter v. Pittsburgh, 46 Pa. 213; Reed v. Allegheny City, 79 Pa. 300.

The very point of this supposed risk incurred by the city because of its license to erect poles has been carefully considered in two very recent cases by this court, and it was decided that no such risk exists. Susquehanna Depot v. Simmons, 112 Pa. 384, 56 Am. Rep. 317, 5 Atl. 434; Goetz v. Butler, 1 Sad. Rep. 207.

*Charles B. McMichael, Robt. Alexander,* and *Chas. F. Warwick,* for defendant in error.—The charter powers of the city as given in the act of February 2, 1854, and March 11, 1789, include the power of police regulation.

This has been too frequently recognized to admit of a doubt.

There are hundreds of ordinances in full force in Philadelphia, the validity of which, as police regulations, cannot be questioned, the power to ordain the same being derived solely from the causes in the acts hereinbefore quoted. Northern Liberties v. Northern Liberties Gas Co. 12 Pa. 318; Philadelphia v. West-

ern U. Teleg. Co. 2 W. N. C. 455; Philadelphia Steam Supply Co. v. Philadelphia, 41 Phila. Leg. Int. 252.

Police power has been held to include protection of life, health, and property, maintenance of good order and public morals. Boston Beer Co. v. Massachusetts, 97 U. S. 25, 24 L. ed. 989; Thorpe v. Rutland & B. R. Co. 27 Vt. 149, 62 Am. Dec. 625.

The ordinance of 1883 is a part of what is intended as a system of police regulation in Philadelphia.

Telegraph companies, like all other corporations which occupy the highways of Philadelphia, are subject to proper police regulation. Philadelphia v. Western U. Teleg. Co. 2 W. N. C. 455. See Philadelphia Steam Supply Co. v. Philadelphia, 41 Phila. Leg. Int. 252.

The city having the right to make proper police regulations, and the ordinances in question being police regulations, they are presumed to be reasonable regulations; and the burden is upon the defendants to prove them unreasonable. Van Hook v. Selma, 70 Ala. 361, 45 Am. Rep. 85; Com. v. Patch, 97 Mass. 221; St. Louis v. Weber, 44 Mo. 550.

Courts ought not to scrutinize the amount of the license too narrowly with a view of adjudging it to be a tax, when it does not appear to be an unreasonable amount as a mere regulation. Cooley, Const. Lim. 246, note 1.

The size and population of the city in which the license fees are exacted are elements to be considered, in determining what are reasonable fees. Ex parte Marshall, 64 Ala. 266. See also Ash v. People, 11 Mich. 347, 83 Am. Dec. 740; Carter v. Dow, 16 Wis. 299; Tenney v. Lenz, 16 Wis. 566; State v. Herod, 29 Iowa, 123; Cooley, Const. Lim. 4th ed. 245 [201], and note 1 on p. 246 with cases cited.

In the case of Johnson v. Philadelphia, 60 Pa. 445, it was held that the imposition of a reasonable charge for a license as a police regulation, although its incidental operation should augment the receipts into the treasury, is not invalid.

"The power to license is a police power, although it may also be exercised for the purpose of raising revenue." Wiggins Ferry Co. v. East St. Louis, 107 U. S. 365, 27 L. ed. 419, 2 Sup. Ct. Rep. 257.

PER CURIAM:

That the companies, defendants, were and are properly sub-

jected to a reasonable license fee is not an open question ; and we concur with the court below in its conclusion that the fee charged is not so obviously excessive and unjust as to authorize a revision of the action of the city councils.

Judgment in each case is affirmed.